UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES STOKES | ) | |
| | ) | Case No. 2016 CV 10621 |
| Plaintiff, | ) | |
| v. | ) | Judge Harry D. Leinenweber |
| | ) | |
| P.O. EWING #8653, P.O. ORTIZ #9748 | ) | Magistrate Judge Mary M. Rowland |
| and THE CITY OF CHICAGO, | ) | |
| a municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANT CITY OF CHICAGO'S RULE 12(b)6 MOTION TO DISMISS**

Defendant City of Chicago ("the City"), by its attorney, Stephen R. Patton, Corporation Counsel of the City of Chicago, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court to dismiss Plaintiff's *Monell* related claims, and to request a stay on the City's answer pending a ruling on this motion. In support of its motion the City states as follows:

## **INTRODUCTION**

Plaintiff names the City making conclusory allegations in an attempt to impose liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Because plaintiff's complaint is devoid of the factual specificity required to meet the pleading standards for bringing a *Monell* claim Count VI should be dismissed in its entirety and paragraphs 15 of Count I for the September 2, 2015 false arrest claim, paragraph 13 of Count III for the November 21, 2015 false arrest claim, and paragraph 13 of Count IV for the claim of unlawful search should be stricken for failure to plead sufficient facts showing that the defendant officers' alleged acts, even if true, were the result of municipal practices.

Plaintiff brings claims against Chicago Police Officers Ewing and Ortiz for false arrest on September 2, 2015, (Count I), malicious prosecution (Count II), false arrest on November 21, 2015 (Count III), unlawful search (Count IV), and against the City for indemnification (Count V), and *Monell* liability (Count VI). Plaintiff alleges that on September 2, 2015, Officers Ewing and Ortiz, pulled up to the plaintiff as he sat in his vehicle, pulled him out of the car and detained him for no reason, questioning him even though he had not nor was he committing any crime. (Dckt #1, Count I at ¶¶ 6-9). The officers made false charges against him after they searched his car and told him they found a gun, even though he was not in possession of a gun. (Dckt #1, Count I at ¶¶ 10-14). Plaintiff concludes that officers Ewing and Ortiz "were acting pursuant to the customs and policies of the Chicago Police Department. (*Id*. at ¶ 15).

Plaintiff also claims that on November 21, 2015 as he was leaving his mother-in-law's home he was stopped by defendant officers Ewing and Ortiz even though he was not breaking any laws. The officers had no probable cause to stop him or to pat him down. No contraband was found in the pat down but they took his car keys and illegally searched his car. Subsequently, plaintiff was arrested for possession of a controlled substance after the officers told plaintiff they found it somewhere near the house and he denied having any. (Dckt #1, Count III at ¶¶ 5-12). Plaintiff concludes that the officers were "acting pursuant to the customs, practices and policies of the Chicago Police Department" when they violated his constitutional rights. (*Id*. at ¶ 13).

Count VI, a *Monell* claim, incorporates the previous allegations contained in the complaint and further alleges that after the false arrest of plaintiff and his friend that the officers told them they were going to jail for possession of illegal narcotics "unless they came up with a gun", even though both men told the officers they did not possess a gun. (Dckt #1, Count VI at ¶

13, 14). Officers Ewing and Ortiz told the men "that for them to be released and not to go to jail they had to give the police a gun", and although plaintiff was released after a gun was tendered to the officers the officers told plaintiff that he had to give them another gun for the release of his friend and he was ordered to hit the streets to get an illegal gun for the defendant officers. (*Id*. at ¶¶ 15-21). Plaintiff claims he was coerced to commit a crime in order to avoid his false arrest and the false arrest of his friend. (*Id*. at ¶ 22).

Plaintiff alleges that the actions of the defendant officers were "pursuant to a custom, practice and policy to arrest people on false charges and then in turn, have them conduct illegal felonious acts for the Chicago Police." (*Id*. at ¶ 23). Plaintiff further alleges that the "unwritten practice, customs and policy was done to keep a point/score for police officers in certain districts and reward officers accordingly for bringing in illegal guns off the street(s)", that the "custom, practice and policy promoted illegal arrests of innocent individuals," and "[a]s a result of this custom, practice and policy" plaintiff was falsely arrested. (*Id*. at ¶¶ 24, 25). No other facts are alleged to show these officers were acting pursuant to any policy, practice or custom, including facts from which the Court may draw an inference that the City's conduct was the moving force behind the defendant officers' alleged wrongful conduct.

## LEGAL STANDARD

In ruling on a Rule 12(b)(6) motion, the court accepts "the allegations in the complaint as true unless they are 'threadbare recitals of a cause of action's elements, supported by mere conclusory statements.'" *Katz-Crnak v. Haskett*, 843 F.3d 641, 646 (7th Cir.2016) (quoting *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009)). The court also must draw all reasonable inferences in favor of the plaintiff. See *Bell v. City of Country Club Hills*, 841 F.3d 713, 716 (7th Cir.2016). It is necessary for a complaint to include sufficient facts, accepted as true, "to state a

claim for relief that is plausible on its face." *Ashcroft* at 678. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do", *Id*. (internal quotation marks omitted), nor will it suffice to have naked assertions devoid of further factual enhancement. *Id*.   Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to the presumption of truth, and can be disregarded when evaluating whether the complaint pleads a claim. *Id*. at 678-79. A plaintiff cannot "unlock the doors of discovery" when "armed with nothing more than conclusions"; such a complaint must be dismissed under Rule 12(b)(6). *Id*.

## ARGUMENT

*Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 694 (1978), established that a municipality cannot be held liable under 42 U.S.C. § 1983 based on a theory of *respondeat superior* but rather can be held liable only when the constitutional deprivation is caused by the municipality's own conduct. *Id*. at 694. In order to establish municipal liability plaintiff must establish that the injuries alleged were caused by an express municipal policy, a person with final policy-making authority, or a common municipal practice so widespread and well-settled that it constitutes a custom or usage with the force of law. *Lawrence v. Kenosha County*, 391 F.3d 837, 844 (7th Cir. 2002).   It is not enough that conduct attributable to the municipality played some causal role in the alleged constitutional deprivation but rather a plaintiff must further show that actionable municipal conduct was the "moving force" behind the deprivation of the plaintiff's rights. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397,400 (1997).   A *Monell* claim is directed at the municipality itself, alleging that a policy, practice, or custom was the moving force behind plaintiff suffering a constitutional deprivation. *E.g. Waters v. City of Chicago*, 580 F.3d 575, 580-81 (7th Cir. 2009);*Johnson v. Cook County*, 526

Fed.Appx. 692, 695 (7th Cir. 2013) ("deliberate action" by the municipality must be the moving force behind the constitutional violation).

It is well-settled that to state a *Monell* claim post-*Iqbal*, the plaintiff must plead factual content allowing the court to draw the reasonable inference that the municipality maintains the problematic policy or practice in question. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). This entails "provid[ing] some specific facts to support the legal claims asserted in the complaint" and must be "enough detail about the subject matter of the case to present a story that holds together." *Id.*; *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). This standard is a sliding scale that requires more factual specificity for more serious levels of claims. *McCauley*. 671 F.3d at 616; *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404-05 (7th Cir. 2010). To that end, the plaintiff's facts should be relevant to the story they assert and not merely asserted to cast the municipality in a bad light in an attempt to get to discovery. There is no causal link between the allegedly deficient policy and plaintiff's claimed injuries. *Oklahoma City v.Tuttle*, 471 U.S. 808, 823 (1985) ("At the very least there must be an affirmative link between the policy and the particular constitutional violation alleged."). These allegations must be specific; a threadbare recital of the elements supported by conclusory statements is disregarded. *Brooks* at 581.

In the matter before this Court, plaintiff's *Monell* claim pursues a theory that the misconduct arises out of some practice, custom and policy for the false arrest, illegal search, and order to plaintiff to commit a felonious act by getting a gun to give the officers in order "to keep a point/score for police officers in certain districts and reward officers accordingly for bringing in illegal guns off the street(s)." (Dckt #1, Count VI at ¶ 24). Once the conclusory statements are removed, Plaintiff's *Monell* claim lacks any factual support, let alone enough sufficient to

state a claim.

It also is necessary that a plaintiff show that a "deliberate indifference" by the municipality exists to successfully plead a *Monell* claim. Here, plaintiff fails to show the City continues to adhere to a policy that it knows or should know has "failed to prevent tortious conduct by employees." *Board of Cty. Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 407 (1997). There are no allegations that the policymakers know of any policy giving rise to the alleged defendant officers' misconduct, never mind condoning it. Before one can show a deliberate indifference there must first be facts to show that a custom, policy or practice existed and since these facts are lacking, plaintiff also fails to show that there was a deliberate indifference on the part of the City.

In the wake of *Iqbal* and *McCauley*, many courts within this district have dismissed similarly deficient *Monell* claims for failing to meet the minimum requirements under Rule 8. *See, e.g. Ellis v. City of Chicago et al.,* 2016 WL 212489 (N.D.Ill. January 19, 2016)(Chang, J.); *Sroga v. City of Chicago*, 2015 WL 9489910 (N.D.Ill. December 30, 2015)(Coleman, J.); *Henderson v. City of Chicago,* 2015 WL 1954464 (N.D.Ill. April 29, 2015)(Kendall, J.); *Echezarreta v. Kemmeren*, 2013 WL 4080293 (N.D.Ill. Aug. 13, 2013)(Kapala, J.)(dismissing *Monell* claims because plaintiff did "not assert any additional facts to elucidate any 'customs' or 'practices'" but left the "claims unsupported and speculative in nature"); *Sheppard v. Village of Glendale Heights*, 2011 WL 6102012 (N.D.Ill. Dec. 5, 2011)(Holderman, J.)(dismissing a *Monell* claim for merely repeating conclusory allegations of racial and gender discrimination); *Annan v. Village of Romeoville*, 2013 WL 673484 (N.D.Ill. Feb. 25, 2013)(Kendall, J.) (dismissing *Monell* claims because plaintiff's "failure to allege any facts that would support the existence of a municipal policy); *Adedeji v. Cobble*, 2013 WL 449592 (N.D.Ill. Feb. 5,

2013)(Keys, J.); *Travis v. City of Chicago*, 2012 WL 2565826 (N.D.Ill. June 29, 2012)(Gottschall, J.)(dismissing *Monell* claim because Plaintiff failed to 'give enough details" about the alleged policy "to present a story that holds together"); *Smith v. Preston*, 2012 WL 698889 (N.D.Ill. Feb. 29, 2012)(Der-Yeghiayan, J.)(dismissing a *Monell* claim for failure to merely providing general allegations as to certain policies and practice); *Bowen v. Sullivan*, 2012 WL 2116121 (N.D.Ill. June 8, 2012)(Darrah, J.)(dismissing a *Monell* claim for "merely conclusory" allegations, among other reasons).

In particular, *Monell* allegations consisting of nothing more than boilerplate allegations absent factual backing have been dismissed for failing to state a claim. *See, e.g. Starks v. City of Waukegan*, 2013 WL 2243089 (N.D.Ill. May 21, 2013)(Feinerman, J.)(dismissing *Monell* claim because it was "nothing more than conclusory boilerplate."); *Kowalski v. County of DuPage*, 2013 WL 4027046 (N.D.Ill. Aug. 7, 2012)(Kocoras, J.)(plaintiff cannot provide merely boilerplate *Monell* allegations in order to proceed to discovery in hope of turning up evidence to support his accusations).

## CONCLUSION

For the reasons discussed above, Plaintiff has failed to provide sufficient factual allegations to support and state a valid *Monell* claim against the City of Chicago. As a consequence, the Count VI *Monell* claim should be dismissed and paragraph 15 of Count I for the September 2, 2015 false arrest claim, paragraph 13 of Count III for the November 21, 2015 false arrest claim and paragraph 13 of Count IV for the claim of unlawful search should be stricken. The City also respectfully requests a stay on the City's answer pending a ruling on this motion.

        Respectfully submitted,
        City of Chicago
        By Stephen R. Patton, Corporation Counsel


        */s/ A.E. Martin*
        Arlene E. Martin
        Chief Assistant Corporation Counsel

Attorney for Defendant City of Chicago
30 No. LaSalle Street - Suite 900
Chicago, Illinois 60602
312.744.6949
Facsimile: 312.744.6566

        /s/ *Jason F. Cunningham*
        Jason F. Cunningham
        Assistant Corporation Counsel

Attorney for Defendant City of Chicago
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
Tel.   (312) 744-9171
Fax: (312) 744-6566
Attorney No. 6302566